UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20639-CIV-ALTONAGA/SIMONTON

ROVIN SINGH,

        Plaintiff,

v.

CARIBBEAN AIRLINES LTD.,

        Defendant.

_____/

ORDER FOLLOWING INFORMAL DISCOVERY HEARING

This matter was before the undersigned Magistrate Judge upon the Plaintiff's
Notice of Hearing (DE # 23) related to discovery disputes between the Parties.  Discovery
is referred to the undersigned by the Honorable Cecilia M. Altonaga, the District Judge
assigned to the case (DE # 13).  A hearing on the discovery disputes was held on June
28, 2013 wherein the undersigned orally ruled on those disputes.  This Order
incorporates the oral rulings made by the undersigned on the record at that hearing.

I.      BACKGROUND

This matter was initiated when Plaintiff Rovin Singh ("Singh") filed a three-count
Complaint in the Circuit Court of the Eleventh Judicial Circuit, In and For Miami-Dade
County related to an incident that occurred aboard a flight operated by Defendant
Caribbean Airlines, Ltd. ("Caribbean") (DE # 1).  Specifically, the Plaintiff alleges that
while Mr. Singh and his sister were passengers aboard a flight between Trinidad and
Miami, Florida, operated by Caribbean, Mr. Singh suffered a severe stroke.  According to
the Complaint, despite being notified by Mr. Singh's sister that Mr. Singh was
experiencing a stroke, the Caribbean in-flight crew did little or nothing to assist Mr.
Singh.  In addition, the Plaintiff alleges that proper medical equipment was absent from

the aircraft, and further contends that after being notified of Mr. Singh's condition, the flight crew failed to make an emergency landing and instead continued to fly for more than three hours to Miami.  The Plaintiff alleges that Caribbean failed to comply with all federal aviation regulations thereby causing an accident as defined by the Montreal Convention, Article 17 (Count I), was negligent in its conduct (Count II), and breached its contract to Mr. Singh to provide the highest degree of care to prevent injury (Count III). Plaintiff seeks damages for pain and suffering, loss of enjoyment of life, reduction of life expectancy, mental anguish, expenses for care and treatment, loss of earning in the past and loss of ability to earn money.

After removing the action from Circuit Court to this Court, the Defendant filed an Answer and Affirmative Defenses wherein, among other things, the Defendant contends that pursuant to Article 17 of the Montreal Convention, Caribbean is not liable to the Plaintiff unless the alleged damage was caused by an "accident." (DE # 7 at 5).

II.   **DISCOVERY DISPUTES**

**Issue No. 1**
**Existence of Responsive Electronically Stored Information**

The Notice of Hearing filed by the Plaintiff states that the Parties dispute whether the Defendant properly disclosed the existence of responsive electronically stored information ("ESI") in its discovery responses and Rule 26 Disclosures.

At the hearing, the Counsel for the Plaintiff explained that Plaintiff is seeking to have the Defendant produce any ESI in its native format and contends that despite the fact that it appears that some of the responsive materials, e.g. emails, produced by the Defendants are normally kept in an electronic format, the Defendants have failed to produce those materials in that format, which is the manner in which it is ordinarily

2

maintained, as required by Fed. R. Civ. P. 34 (b) (2)(E).

After hearing argument from both Parties, the undersigned ordered the Defendant to produce in native format, rather than hard copy format, the electronically stored information at issue.  To that end, the undersigned ordered that, on or before July 12, 2013,  the Parties shall confer with each other and their respective computer experts to determine the form in which emails and/or other electronically stored information will be produced.  This conferral will also clarify the way in which information is stored by the Defendant.

<u>Issue No. 2</u>
<u>Responses to RFP's Stating "Subject to and Without Waiving"</u>

According to the Notice of Hearing, the Parties dispute whether the Defendant properly raised objections to Plaintiff's Requests for Production Nos. 3, 6-10, 25, 26, 30 and 33.   Specifically, the Plaintiff contended that because in its Responses to the Requests for Production, the Defendant objected and included language that states documents are being produced "subject to and without waiving" the objections, that those objections are formulaic and should be stricken.  In addition, the Plaintiff requested that the Court deem the Defendant's objections to be waived based upon the inclusion of that language.

At the hearing, the undersigned noted that generally it is improper to object to a discovery response and include the language "subject to and without waiving" because it does not clearly explain whether the discovery response is being fully responded to or if certain information and/or documents are being withheld based upon the objection. Accordingly, the undersigned ruled that the "subject to an without waiving" language would be stricken from all of the Defendant's responses containing that language.

3

However, the undersigned concluded that deeming all of the Defendant's objections as waived was not warranted in this matter.  Therefore, the undersigned directed the Defendant to amend the responses at issue to reflect whether all responsive documents have been produced, and to state what had not been produced if certain documents were withheld on the basis of a particular objection.  To the extent that the Defendant seeks to clarify that it does not admit certain of the Plaintiff's contentions contained within a request, it may do so in its answer.

After the Court stated its conclusions on this issue, the Defendant represented that all responsive documents to Request for Production No. 3 had been produced. Accordingly, on or before July 12, 2013, the Defendant shall amend its answer to Request for Production No. 3 to reflect that all documents have been produced, and shall amend the other Requests for Production at issue, accordingly.

<u>Issue No. 3- Request for Production  No. 1</u>

The Notice of Hearing stated that the Parties disputed whether Plaintiff's Request for Production No. 1 was sufficiently specific for the Defendant to formulate a response. Plaintiff's Request for Production No. 1 sought all documents, other than pleadings, exchanged between plaintiff and defendant.

At the hearing, the Defendant stated that there are no responsive documents as to Request for Production No. 1.  The undersigned therefore directed the Defendant to, on or before July 12, 2013, amend its answer to state that there are no documents responsive to this Request.

<u>Issue No. 4-Document Retention Policies</u>
<u>Request for Production Nos. 6 & 7</u>

The Notice of Hearing indicated that the Parties disputed whether the Defendant

4

should have to produce its complete document retention policy and information technology policy manuals in response to the Plaintiff's Request for Production Nos. 6 and 7.  In its Responses, although the Defendant objected to the Requests as being overbroad, the Defendant produced a number of responsive documents.

At the hearing, the Defendant stated that it has multiple document retention policies and argued that the Requests were therefore overbroad because they sought information about document retention policies that were irrelevant to this action, including, for example, the retention policies for tax related documents. The Defendant stated, however, that it has already produced retention policies related to maintaining electronic data and flight information.  In addition, the Defendant explained that the flight manual is constantly being updated, and thus it is difficult to reconstruct the exact manual that was in place at the time of the incident.

Based upon the Defendant's representations at the hearing, the undersigned ordered that on or before July 12, 2013, the Defendant shall produce any retention policies related to documents that the Plaintiff has sought in discovery, but does not have to produce the retention policies for irrelevant documents, including policies pertaining to tax documents.  In addition, the Court directed that on or before July 12, 2013, the Defendant must produce the entire current flight manual to the Plaintiff.  If, after reviewing the manual, the Plaintiff wants particular information related to a specific topic in the manual for the time that the incident occurred, the Defendant will then locate and produce only that page and/or topic from the manual that was in place at the time of the incident at issue.  Finally, if there are issues relating to policies regarding the retention of electronically stored information, the parties shall confer in an attempt to resolve those issues at the previously described conference with their computer experts.

5

**Issue Nos. 5 & 6**
**Request for Production Nos. 8, 12 and 14**

The Notice of Hearing stated that the Parties disagree as to whether the Defendant should have to provide better responses to Plaintiff's Requests for Production Nos. 8, 12, and 14.  Generally, in those Requests, the Plaintiff sought documents that reflected the Defendant's compliance with certain regulations, *e.g.* Code of Federal Regulations and Federal Aviation Administration ("FAA") regulations.  The Defendant generally objected to these Requests asserting that Caribbean Airlines is not required to comply with the regulations cited to by the Plaintiff.

At the hearing, as to Request for Production No. 8, which sought production of documents related to crewmember training programs required under the Code of Federal Regulations, the Defendant confirmed, as stated in its Response, that no documents existed that were responsive to that Request.  The undersigned therefore directed the Defendant to on or before July 12, 2013, amend its response to state that no such documents existed.

As to Request for Production No. 12, which sought documents demonstrating the training that the crewmembers received for in-flight medical events, at the hearing, the Plaintiff clarified that Request No. 12 was not limited to training required by the Code of Federal Regulations or the FAA, but sought any such training documents.  The Defendant stated that it had produced the training manual but had not produced other responsive documents. The undersigned therefore ordered the Defendant to produce all documents that reflect training received by the crew of the flight at issue.  Defendant shall produce such documents by July 26, 2013.

As to Request for Production No. 14, which requested a copy of the FAA Airmen's

6

Certificate for the flight crew on the flight at issue, at the hearing, the Defendant stated that the flight crew did not have a certificate from the FAA, but stated that the crew might possess other similar certificates.  Defense counsel stated that if the Plaintiff wanted other certificates, the request should be put in writing, and the Defendant would then respond.  The undersigned therefore ordered the Plaintiff to email a request to Defendant's Counsel for any airline certificate possessed by the pilot or co-pilot of the flight at issue.  The undersigned further ordered the Defendant to provide an expedited response to the request within 7 days from the date of the request or by July 12, 2013, whichever is later.

<u>Issue No. 7</u>
<u>Request for Production No. 23</u>

The Notice of Hearing stated that the Parties disagreed as to whether the Defendant should have to produce the current flight schedules of the pilots and crew on board the flight at issue.  The Defendant objected to this Request as seeking documents beyond the scope of what is relevant to any party's claim or defense.

At the hearing, the Plaintiff explained that it sought to take the depositions of six employees of the Defendant who were frequently in Miami while working various flights. In response, the Defendant represented that all of the witnesses are in Trinidad, and that the flight attendants at issue typically are on turn-around flights which pose particular difficulties in having those crew members deposed in Miami.  Specifically, Counsel for the Defendant explained that when the flight attendants are on a turn-around flight, it is extremely difficult to remove them from the return flight crew and replace them with another crew member so that the witness may be deposed in Miami.

The undersigned directed the Defendant to, on or before July 12, 2013, produce the

flight schedules for crew members in effect for the next month to facilitate the scheduling and location of depositions.

### Issue No. 8
### Requests for Production Nos. 25 and 30

The Notice of Hearing reflected that the Parties disputed whether the Defendant should have to produce documents responsive to the Plaintiff's Request for Production No. 25, which requested documents regarding ownership of Caribbean Airlines. Similarly, the Parties disputed whether the Defendant had to produce documents responsive to the Plaintiff's Request for Production No. 30, which sought the personnel files for each crew member and pilots aboard the flight at issue.

As to Request No. 25, the Defendant initially objected to the Request as not being sufficiently particularized as described in the Discovery Practices Handbook.  At the hearing, the Defendant explained that certain documents reflecting ownership of Caribbean, including annual reports, had been produced, and asserted that the airline is owned by the governments of Trinidad and Jamaica.  The Defendant did indicate, however, that additional documents demonstrating ownership might exist.

Accordingly, the undersigned ordered the Defendant to produce by July 26, 2013, any additional documents that reflect ownership of the airline, if they exist.

As to Request No. 30, the Defendant objected to this Request as being beyond the scope of any party's claim or defense, but nevertheless produced approximately 245 responsive documents.  At the hearing, Counsel for the Defendant represented that all responsive documents had been produced.  The dispute therefore was deemed moot.

### Issue No. 9
### Requests for Production No. 34

In the Notice of Hearing, the Plaintiff stated that the Defendant had failed to

8

provide documents responsive to Request for Production No. 34, which sought contracts between the Defendant and medical companies, *e.g.* Medlink, Med Aire.  At the hearing, the Parties confirmed that the requested documents had been produced, thus the issue was moot.

**Issue No. 10**
**Interrogatory No. 2(c)**

The Notice of Hearing indicated that the Parties disputed whether the Defendant should fully respond to Plaintiff's Interrogatory No. 2 (c).  Interrogatory No. 2  sought information regarding the Defendant's contention that the incident on the flight at issue was not an "unusual and unexpected event" for the purposes of the Montreal Convention, and section (c) of that Interrogatory sought all statutes and legal precedents that supported this contention.

The Defendant objected to this Interrogatory as seeking work product and attorney-client protected information.  In addition, the Defendant contended that the interrogatory was premature because the investigation was continuing.  At the hearing, the Defendant contended that this contention was raised as part of the Defendant's Affirmative Defenses and thus was predicated upon a legal argument rather than the facts of this case, at this point in the litigation.

At the hearing, after hearing from both Parties, the undersigned denied the Plaintiff's request that the Defendant be required to answer section (c) of Interrogatory No. 2, because that section sought only legal authority, and thus was not appropriate for answer by way of interrogatory.  The caselaw and statutes upon which the Defendant will rely will be cited in the relevant legal memoranda filed by defense counsel at the proper time.  It is not appropriate to require defense counsel to conduct legal research and

9

provide the results of that research to the Plaintiff in the form of an interrogatory answer. This request goes well beyond the scope of a permissible contention interrogatory.

<u>Issue No. 11</u>
<u>Interrogatory No. 15</u>

Prior to the commencement of the informal discovery hearing, the Parties represented that this dispute had been resolved, and was therefore moot.

<u>Issue No. 12</u>
<u>Interrogatory No. 16</u>

The Notice of Hearing indicated that the Parties disputed whether the Defendant should have to provide information regarding the flight schedules of witnesses in this case as requested by Plaintiff's Interrogatory No. 16.

At the hearing, the Parties agreed that the dispute was resolved by the Court's ruling on Request for Production No. 23, as set forth above in this Order.

<u>Scheduling Depositions</u>

Although not listed in the Notice of Hearing, the Parties indicated that they had a dispute regarding the scheduling of depositions of the Plaintiff and the Plaintiff's sister. Specifically, although the Defendant has set the deposition for Mr. Singh's sister on July 30, 2013, the Plaintiff has not confirmed the location, and also has not provided information regarding whether the Plaintiff, Mr. Singh, is medically well enough to be deposed at this time.

Without objection by the Plaintiff, the undersigned therefore directed the Plaintiff to, on or before July 8, 2013, confirm the location for the deposition of Mr. Singh's sister, and to provide an update as to Mr. Singh's condition and to state whether he is able to be deposed.  If Mr. Singh is able to be deposed, the Plaintiff shall provide dates for the deposition to be conducted.

III.    <u>CONCLUSION</u>

Accordingly, based upon the foregoing, it is

**ORDERED AND ADJUDGED** the Defendant shall provide supplemental

responses and/or produce documents responsive to the Plaintiff's discovery requests

consistent with the foregoing, by the dates specified above, and as stated on the record

at the informal discovery hearing.  It is further

**ORDERED AND ADJUDGED** that, on or before July 8, 2013, the Plaintiff shall

provide/confirm information for the depositions of the Plaintiff and the Plaintiff's sister,

as set forth above in this Order.

**DONE AND ORDERED** in chambers in Miami, Florida on July 8, 2013.

_Andrea M. Simonton_

**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:
The Honorable Cecilia M. Altonaga
        United States District Judge
All counsel of record